[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR CONTEMPT DATED NOVEMBER 20, 2002 (#127)
The plaintiff claims the defendant is in contempt of the court's order for the payment of alimony.
On September 24, 1990, the court (Cohen, JTR) entered a decree of legal separation and incorporated the parties' agreement of June 6, 1990 into the decree. Said agreement provided, inter alia, that the defendant was to pay the plaintiff the sum of $330 per week as periodic alimony. The parties had married on August 7, 1961. On April 8, 1992, a decree of dissolution was granted by the court (Kaplan, J.) and the alimony order was to continue. Financial affidavits filed by the parties at the dissolution hearing reveal that the plaintiff had weekly gross income of $83.50 and was employed as a sales associate for Jo Ann Fabric. The defendant was employed at The Mohawk Manufacturing Company as an EDM technician earning a gross weekly wage of $867.27. There has been no activity on the matter until the instant motion was filed.
In her Motion for Contempt the plaintiff claimed an alimony arrearage of $20,590 as of November 20, 2002. The parties appeared pro se before the court on December 17, 2002 at which time the defendant claimed he was no longer working at Mohawk through no fault of his own but he had obtained employment at Stop Shop as a Deli Clerk making a gross weekly wage of $403.95. The defendant did not dispute the arrearage but claimed he could not afford to make the weekly payments. On December 17, 2002, the defendant was ordered to bring to court all of the details of his deferred compensation plan which he did on January 21, 2003. As of that date the arrearage had grown to $23,230. The defendant had expressed a willingness to pay the plaintiff from his Mohawk Savings and Incentive Plan which had a value as of December 31, 2002 of $190,289.66. The court ordered the defendant not to withdraw, borrow or pledge any funds from the account until further order of the court.
The court has reviewed the Plan and the defendant has no rights of CT Page 1810 withdrawal except under circumstances not relevant to the issue before the court. The plaintiff was born February 27, 1943 and the defendant March 23, 1941. The normal retirement date set forth in the Plan is age 62 which the defendant will not reach until March 23, 2003. Payment to the defendant will be in a lump sum but may be deferred to no later than the defendant reaching age 70 1/2.
The following orders shall enter:
1. The defendant shall immediately name the plaintiff as the beneficiary of $23,230 of the proceeds of the plan should the defendant die before reaching the age of 62.
2. Upon reaching the age of 62 the defendant shall pay to the plaintiff the sum of $23,230 together with any additional accrued arrearage since January 21, 2003.
3. The order of the court entered on January 21, 2003 shall remain in full force and effect.
4. The parties shall return to court on April 2, 2003 for a compliance report with the court's orders.
BY THE COURT
John R. Caruso, J. CT Page 1811